

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

**FILED**

MAY 3 1 2007

May 10, 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Shawn Wright
Blank Bank Rome
The Watergate Building
600 New Hampshire Avenue NW
Washington, DC 20037

       Re: <u>United States v. Marcelle Stephens</u>
          Criminal Case Number 06-084

Dear Ms. Wright:

  This letter sets forth the full and complete plea offer to your client, Marcelle Stephens, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **THIS PLEA OFFER EXPIRES ON MAY 22, 2007.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**: Your client agrees to plead guilty to Count One of the Indictment which charges a violation of Title 18, United States Code, Section 371 (Conspiracy).

  Your client understands that, pursuant to 18 U.S.C. § 371, the charge carries a maximum sentence of up to five years imprisonment, a fine of up to $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(b)(3) and (d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

  In consideration of your client's plea to the above offense, at the time of sentencing in this case, the government will dismiss the remaining counts set forth in the Indictment.

2. **Factual Stipulations**: Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

3. **Sentencing Guidelines Stipulations**: Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2002) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

   A. **Offense Level Under the Guidelines**: The parities agree that the U.S. Sentencing Guidelines (2002 Ed.), are the relevant guidelines for the time period of the commission of the offense (January 2000 through May 15, 2002). The parties also agree that the defendant is a Criminal History Category I offender. The stipulated offense level is calculated as follows:

   | Guideline Number | Description | Level |
   |---|---|---|
   | * Offense level determined from 2T4.1 (as appropriate for 26 U.S.C. 7206(2)) | | |
   | 2T4.1(f) | Tax Table - More than $80,000.00 with an agreed upon loss of $107,752.00 | 16 |
   | 3B1.2(b) | Mitigating Role - Defendant was a minor participant | -2 |
   | | Offense Level | 14 |
   | 3E1.1(a) | Acceptance of Responsibility | -2 |
   | | Adjusted Offense Level | 12 |

   Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for defendant Stephens in this case. In the event that this plea offer is either not accepted by Ms. Stephens or is accepted by Ms. Stephens, but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parities will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

**B.     Acceptance of Responsibility: 2-point reduction**: Provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a).

In accordance with the above, the applicable Guidelines Offense Level is 12.

**C.     Criminal History Category**: Based upon the information now available to this Office, including representations by the defense, the defendant has zero Criminal History Points and therefore, the applicable Criminal History Category is I.

**D.     Applicable Guideline Range**: Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is 10 to 16 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 12, the applicable fine range is $3,000 to $30,000 under U.S.S.G. Section 5E1.2(c)(3) (2002 Ed.).

**4.     Agreement as to Sentencing Allocution**: The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regarding any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

**5.     Court Not Bound by the Plea Agreement**: It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parities' determination of the applicable Guidelines range or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parities reserve the right to answer any related inquiries from the Court.

6.    **Court Not Bound by the Non-Mandatory Sentencing Guidelines:** It is understood that the sentence to be imposed upon your client will be determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that her entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot and does not make any promises or representations as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw her plea of guilty should the Court impose a sentence outside the Guidelines range.

7.    **Restitution:** In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Your client agrees to make restitution in the amount of $107,752.00 to the Internal Revenue Service. Your client agrees to make full restitution within a time frame as ordered by the court. Your client understands that she is joint and severally liable for the restitution to be paid along with other co-conspirators who will be sentenced in connection with this case.

8.    **Cooperation:** Ms. Stephens agrees to cooperate completely, candidly, and truthfully in the investigation by this Office, the Internal Revenue Service, and the District of Columbia Office of Tax and Revenue. Specifically, Ms. Stephens agrees:

   a.    to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects or other requested materials of any kind or description that she has which relate directly or indirectly to the subject of this investigation;

   b.    to answer completely, truthfully, and candidly all questions put to her by attorneys and law enforcement officials during the course of this investigation;

   c.    to make herself available for interviews by attorneys and by law enforcement officers of the government upon request and reasonable notice;

   d.    not to attempt to protect any person or entity through false information or omission nor falsely to implicate any person or entity;

   e.    not to disclose the fact of or details regarding her cooperation with law enforcement to any person or entity;

   f.    to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that she shall provide; and

      g.      to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to her by the Court or by the attorney for any party completely, truthfully, and candidly.

9. **Waiver of Spousal Testimonial Privilege**: Ms. Stephens understands that pursuant to D.C. Code § 14-306(a), a spouse is competent, but not compellable to testify against her husband. Ms. Stephens understands that pursuant to D.C. Code § 14-306(b) a spouse is not competent to testify as to any confidential communications made by one to the other during the marriage. Ms. Stephens unequivocally and voluntarily agrees that she will waive the Spousal Testimonial Privilege for all purposes and testify as a Government witness at any proceeding, including grand jury, trial, and sentencing, at which she is called as a witness by the Government. Ms. Stephens also understands that if the case against Henderson Joseph proceeds to trial, the Government may seek to litigate the issue of the non-disclosure of confidential communications since in this case both spouses participated in the crimes charged in the Indictment.

10. **Departure Committee**: At the time of Ms. Stephens's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Ms. Stephens to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Ms. Stephens to the United States. If the Departure Committee determines that Ms. Stephens has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Ms. Stephens understands that the determination of whether she has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Ms. Stephens further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for her to move to withdraw her plea of guilty in this case.

11. **Appeal Waiver**: It is agreed that: (I) your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

12. **Release/Detention**: Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. However, should your client engage in further criminal conduct prior to sentencing, the Government reserves the right to advocate for modification or revocation of your client's conditions of release.

13. **Breach of Agreement:** Your client understands and agrees that if, after entering this Plea Agreement, she fails specifically to perform or to fulfill completely each and every one of her obligations under this Plea Agreement, she fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, grand juries conducting this investigation, or to the Court, or she engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. These rules limit the admissibility of statements made by a defendant in the course of any proceeding under Rule 11 and of statements made in the course of plea discussions, if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach your client will not be allowed to withdraw this guilty plea.

14. In the event of a dispute as to whether Ms. Stephens has knowingly given materially false, incomplete or misleading information in fulfilling the terms of her cooperation agreement or whether Ms. Stephens has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Ms. Stephens so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Ms. Stephens's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

15.     **Presence of Counsel**: At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Ms. Stephens shall be entitled to the presence, advice, and assistance of counsel, unless waived.

16.     **Waiver of Statute of Limitations**: It is further agreed that should the conviction following your client's guilty plea pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the Statute of Limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

17.     **Waiver of Right to DNA Testing**: By entering this plea of guilty, your client waives any and all rights she may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

18.     **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia and the Criminal Section of the Tax Division, U.S. Department of Justice. This Agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor/SLS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR # 498610

By: _____
Sherri L. Schornstein
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Shawn Wright, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings or conditions have been made or entered into in connection with my decision to plea guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: May 31, 2007                    _____
                                      Marcelle Stephens
                                      Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 8 pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: May 31, 2007                    _____
                                      Shawn Wright, Esquire
                                      Attorney for the Defendant