UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 06-84-02 (RJL) |
| : | |
| MARCELLE L. STEPHENS, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the government respectfully requests that the Court impose a sentence in accordance with the plea agreement in this case, the factors set forth in Tile 18, United States Code, Section 3553, and the U.S. Sentencing Guidelines.

**I.   BACKGROUND**

On April 5, 2006, a federal grand jury for the District of Columbia returned a nine-count Indictment charging Defendant Stephens and Henderson Joseph with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), Aiding or Assisting in the Preparation of a Fraudulent Return, in violation of 26 U.S.C. §§ 7206(2) and 2 (Count 2 through 8), and First Degree Theft, in violation of D.C. Code §§ 3211, 3212(a), and 1805.

Defendant Stephens entered a plea agreement with the United States. She pleaded guilty on May 31, 2007, before this court. Sentencing is scheduled for August 24, 2007.

As a term of the plea agreement, Defendant Stephens agreed to cooperate with the

Government.  The Government agreed that at the time of Defendant Stephen's sentencing, it would advise the court and the probation office of the full nature, extent, and value of the cooperation provided by Defendant Stephens to the United States.  In addition, the Government agreed that before sentencing, it would inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by Defendant Stephens to the United States.  It was further agreed that if the Departure Committee determined that Defendant Stephens provided substantial assistance in the investigation or prosecution of another person or entity that had committed any offense, then the U.S. Attorney's Office would file a motion pursuant to § 5K1.1 of the Sentencing Guidelines.

## II.  FACTS

During the plea colloquy Defendant Stephens agreed that the following facts occurred in connection with this case.  During all times relevant herein, Triad Business Services ("Triad") was owned and operated by Henderson Joseph.  Triad had three offices which were located in Richmond, Virginia; Baltimore, Maryland; and Washington, D.C.  From approximately January 2000 until May 2001, Defendant Stephens was the Triad Office Manager for the Triad Richmond, Virginia Office.  From approximately May 2001 until May 15, 2002, Defendant Stephens was the office manager for the Triad Washington, D.C. office.  From approximately January 2001 until May 15, 2002, unindicted co-conspirator, Draphet Moody was the Triad Office Manager for the Triad Baltimore, Maryland office.  From approximately January until May 15, 2002, unindicted co-conspirator, "Nicole Williams was the Triad Office Manager for the Triad Richmond, Virginia office.

From in or about January 2000, and continuing thereafter until about May 15, 2002,

Henderson Joseph, Defendant Stephens, and unindicted co-conspirators, Draphet Moody and Nicole Williams and other individuals whose identities are known, did unlawfully, knowingly, and willfully, conspire and agree together and with each other, and with other persons both known and unknown to the grand jury to impede, impair, obstruct and defeat the lawful functions of the United States of America, United States Department of the Treasury, Internal Revenue Service, in the collection of revenue; that is, income taxes, through the filing of fraudulent Federal income tax returns, Forms 1040, which claimed deductions and credits to which various Triad Clients were not entitled and thereby generated fraudulent income tax returns; and to defraud the United States of America, United States Department of the Treasury, Internal Revenue Service, in an amount in excess of $80,000.00, through the filing of fraudulent Federal income tax returns, Forms 1040, which claimed deductions and credits to which various Triad clients were not entitled, thereby generating fraudulent income tax refunds.

      The goal of the conspiracy was to maximize Triad's business and income by increasing the client base, increasing the tax preparation fees, and increasing repeat customers who would return in successive years by knowingly filing false returns with the IRS which overstated and claimed fictitious deductions and education credits that would reduce the clients' tax liabilities and cause some clients to receive income tax refunds to which they were not entitled.

      According to Defendant Stephens, while managing the Washington, D.C. office, she routinely communicated with Triad tax return preparers, including Draphet Moody and Nicole Williams. She did so at the direction of Henderson Joseph. Defendant Stephens' primary role for Triad while managing the Washington, D.C. office was client intake. In that capacity, she met with clients who sought Triad's return preparation services at the Washington, D.C. office.

Defendant Stephens collected information, including any relevant documents, from the various customers for Henderson Joseph's use in preparing the customers' income tax returns.

According to Defendant Stephens, she was told by Henderson Joseph that Triad would try to give everyone with a Schedule A, a charitable contribution deduction. Defendant Stephens understood that Henderson Joseph intended to list charitable contribution deductions for the tax payer/clients whether or not they were in fact justified by the tax payers' actual tax scenario.

Between January 2001 and May 2002, there were numerous occasions when Defendant Stephens did not collect any documentation from Triad's customers that supported a charitable deduction. Despite Defendant Stephens' knowledge that Henderson Joseph qualified various taxpayers for charitable contribution deductions in instances where she had not collected any documentation supporting such deductions, Defendant Stephens continued to conduct business with Triad as instructed by Henderson Joseph. Defendant Stephens knew that the fraudulent income tax refunds received by Triad's customers caused them to repeatedly utilize Triad's tax preparation services and to refer Triad's services to other individuals and resulted in increased fees to Triad. The tax loss to the Internal Revenue Service was in excess of $80,000.00.

Subsequent to May 15, 2002, Marcelle Stephens married Henderson Joseph and her name became Marcelle Joseph.[1]

## II. SENTENCING CALCULATION
### A. Statutory Maximum

---

[1] During the pre-sentence investigation, Defendant Stephens informed the probation officer that she married Henderson Joseph on October 30, 2002.

Defendant pleaded guilty to Conspiracy, in violation of 18 U.S.C. § 371. The maximum sentence for this Class D felony is 5 years imprisonment, a fine of $ $250,000.00 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

B.  Sentencing Guideline Calculation

There are no issues raised by the parties as to the calculations prepared by the probation officer in this case. A loss amount of more than $80,000.00 but less than $200,000.00, results in a base level of 16. See PSR ¶ 21. Defendant receives two additional levels for assisting in collecting information used in the business of preparing false tax returns. See PSR ¶ 22. A two-level downward adjustment is applied for mitigating role in the offense. See PSR ¶ 23. An additional two-level downward adjustment is made for acceptance of responsibility. See PSR ¶ 27. With these adjustments, the parties agree that the defendant's total offense level is 14. See PSR ¶¶ 21-28. The Presentence Investigation Report (PSR) correctly lists defendant's criminal history as Category I. See PSR ¶ 31. Therefore, the guideline range for defendant is 15-21 months, Zone D. See PSR ¶ 63.

C.  Restitution

Restitution in this case is in the amount of $107,752.00. Restitution should be made to the Internal Revenue Service.

D.  Prior Criminal History

Defendant has a criminal history score of zero points. She appears before the court as a

first offender.  See PSR ¶¶ 29-31.

IV.    **FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE**

In accordance with the factors enumerated in 18 U.S.C. § 3553, the Government submits the following information for the court's consideration in determining the appropriate sentence in this case:

1. The nature and circumstances of the offense.

This case presents an on-going course of criminal conduct, which spanned approximately 29 months, and involved repeated instances of fraudulent activity on numerous tax payer individual U.S. income tax returns.  The crime was committed by a pattern of deliberate action whereby individual client's tax returns were manipulated to include false or inflated deductions and/or credits to which the tax payers were not in fact entitled.  The crime was motivated by the desire to obtain tax refunds for Triad clients thereby generating larger fees for Triad, ensuring return customers, and generating more clients through referral business.  Through this scheme the Internal Revenue Service paid fraudulently claimed refunds in excess of $80,000.00.

2. The history and characteristics of the defendant.

The defendant has had the benefit of education.  She graduated high school and attended

two semesters of college at Georgetown University. (See, PRS FN2 and ¶¶ 21and 29). During the debriefing, Defendant Stephens indicated that she received on-the-job training in income tax preparation at Triad and also attended training through H&R Block.

     3. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

This is a serious offense which resulted in significant and continuing financial losses to the IRS. A period of incarceration, in accordance with the advisory U.S. Sentencing Guidelines, will send a clear message to other individuals similarly motivated to steal that this kind of conduct could subject them to prosecution and stiff punishment, including a prison term. Conversely, a sentence that is too light could send the message that this kind of criminal behavior is not dealt with seriously. Such a sentence will not promote respect for the laws. A sentence in accordance with that provided by the U.S. Sentencing Guidelines will provide just punishment for the offense, because it takes into account the significant loss amount, the harm to the IRS, and the sophisticated nature of the offense.

     4. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A period of incarceration is appropriate in this case. Defendant Stephens is no longer employed in the tax return preparation field. However, imposition of a period of incarceration will specifically deter her from any future criminal conduct. In addition, other members of the public similarly situated in the tax return preparation business, may reconsider committing such criminal behavior when weighing the consequences that can occur, including arrest, prosecution, conviction, and incarceration.

     5. <u>The need for the sentence imposed to protect the public from further crimes of the defendant.</u>

This case does not involve a violent crime. Therefore the traditional notions of protection of the public are not impacted. The theft here was from a government agency; the IRS. The real harm is that money that would otherwise be available from the public coffers is not. Funds collected by income taxes are used in a wide variety of ways, including to pay for essential government services such as programs for education, health care, transportation, the military, and transportation.

     6. <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

This criteria is not relevant here as defendant has no known medical issues and is an educated individual.

**V.    FULL NATURE, EXTENT, AND VALUE OF THE COOPERATION PROVIDED BY DEFENDANT STEPHENS**

Following execution of the plea agreement and entry of her guilty plea, Defendant Stephens was debriefed by a government agent and by the undersigned Assistant U.S. Attorney. She was completely forthcoming and volunteered information. She was ready and willing to testify against her husband, Henderson Joseph. However, shortly after IRS agents executed search warrants at Triad's offices, he liquidated his assets and fled the country to his birth place, Antigua. In addition, he is apparently in poor health, suffering from prostate cancer. There is no reasonable prospect that he will return to the United States voluntarily to face the charges against him. The undersigned Assistant U.S. Attorney has also been advised that Antigua will

not honor an extradition request, because the offenses charged in the Indictment in this case are not offenses against the law of Antigua.

In accordance with the plea agreement, the undersigned Assistant U.S. Attorney presented this information to the U.S. Attorney's Offices's Departure Committee. The committee denied a request for a downward departure.

## V.   CONCLUSION

Defendant is facing 15-21 months incarceration pursuant to the advisory U.S. Sentencing Guidelines. The government submits that given the totality of the circumstances here it would be reasonable for the Court impose a sentence within the guideline range.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

_____/s/_____
SHERRI L. SCHORNSTEIN.
D.C. Bar # 415219
Assistant U.S. Attorney
Fraud & Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6956

## CERTIFICATE OF SERVICE

_____   I hereby certify that a copy of the foregoing Government's Memorandum in Aid of Sentencing, was served on counsel for Defendant, Shawn Wright, Bank Rome, The Watergate Building, 600 New Hampshire Avenue, NW, Washington, DC 20037, this 20th day of August 2007, delivery via courier.

SHERRI L. SCHORNSTEIN
Assistant U.S. Attorney

9